**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIESE SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1312-CR-1066 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No. 49F10-1307-CM-43407

**August 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

At a bench trial, the trial court found Tiese Smith ("Smith") guilty of Class A misdemeanor prostitution[1] and Class C misdemeanor public nudity.[2] Smith now appeals, arguing that the State did not present sufficient evidence to support her convictions because her testimony was contrary to the arresting officer's testimony. When we review a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witness. Accordingly, we affirm Smith's convictions.

We affirm.

## ISSUE

Whether the evidence is sufficient to sustain Smith's convictions for prostitution and public nudity.

## FACTS

On June 12, 2013, Detective Crooke was working undercover to detect prostitution activity. Detective Crooke observed Smith walking on Martin Luther King, Jr. Street and pulled his car to the side of the road about thirty feet from Smith's location. Without Detective Crooke's urging, Smith walked to Detective Crooke's car and entered the car. After Smith entered Detective Crooke's vehicle, he asked her where she was going, and Smith responded "nowhere." (Tr. 14). Following that, Smith asked Detective Crooke if he was a police officer, and he said that he was not an officer. Detective Crooke then asked

---

[1] IND. CODE § 35-45-4-2(1).

[2] I.C. 35-45-4-1.5(b).

Smith if she was a police officer, and Smith "pulled her shirt up, exposed her breast and kind of shook it [at the detective]." (Tr. 7-8). Detective Crooke could see Smith's nipple.

Next, Detective Crooke told Smith that he wanted her to perform fellatio on him for $40.00. Smith did not verbally respond but shook her head in agreement and gave a hand signal indicating that she was "okay" with Detective Crooke's offer. (Tr. 8). Then, Smith attempted to direct Detective Crooke to drive to a dark area near her residence, but Detective Crooke took Smith to an area where another officer was located. Finally, Detective Crooke prepared a citation for Smith.

The State charged Smith with Class A misdemeanor prostitution and Class C misdemeanor public nudity. On December 3, 2013, the trial court held a bench trial. During the trial, Detective Crooke testified to the facts as set forth above. Smith also testified and denied exposing her nipple and agreeing to perform fellatio on Detective Crooke for $40.00. The trial court found Smith guilty of Class A misdemeanor prostitution and Class C misdemeanor public nudity. The court sentenced Smith to 365 days with 363 days suspended to probation for her prostitution conviction and to 60 days with 58 days suspended for her public nudity conviction; the court ordered her to serve both sentences concurrently. Smith now appeals.

## DECISION

Smith argues that the evidence was insufficient to support her convictions for Class A misdemeanor prostitution and Class C misdemeanor public nudity.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of

3

appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. . . . The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original).

A. *Prostitution*

To establish that Smith committed Class A misdemeanor prostitution, the State was required to prove beyond a reasonable doubt that Smith knowingly or intentionally performed, offered or agreed to perform "sexual intercourse or deviate sexual conduct" for money or other property. *See* I.C. § 35-45-4-2(1).[3] "Deviate sexual conduct means an act involving "the sex organ of one (1) person and the mouth or anus of another person[.]" I.C § 35-31.5-2-94(1).

Smith argues that she did not agree to perform a sex act (fellatio) for money and claims that she just wanted a ride. However, during the bench trial, Detective Crooke testified that when he parked his vehicle along Martine Luther King Jr. Street, Smith entered his vehicle without him asking. Detective Crooke informed Smith that he wanted Smith to perform fellatio in exchange for $40.00, and Smith shook her head and gave

---

[3] In the current version of this statute, effective July 1, 2014, the legislature amended the language of subsection (1) by substituting "other sexual conduct (as defined in IC 35-31.5-2-221.5)" for "deviate sexual conduct." The definition of "other sexual conduct" is the same as "deviate sexual conduct." *Compare* I.C. § 35-31.5-2-221.5 with I.C. § 35-31.5-2-94(1)(2013).

4

Detective Crooke a "hand signal of okay." (Tr. 8). Smith's actions establish that Smith agreed to perform deviate sexual conduct for money. This evidence is sufficient to support Smith's Class A misdemeanor prostitution conviction, and we will not reweigh the evidence or the credibility of witnesses. *See Drane*, 867 N.E.2d at 146.

B.   *Public Nudity*

To establish that Smith committed Class C misdemeanor public nudity, the State was required to prove beyond a reasonable doubt that Smith knowingly or intentionally appeared in a public place in a state of nudity. I.C. § 35-45-1.5. INDIANA CODE § 35-45-4-1(d) defines "nudity" in relevant part as "the showing of the female breast with less than a fully opaque covering of any part of the nipple[.]"

Smith admits that she raised her shirt, but she argues that she did not expose her breast to Detective Crooke. However, Detective Crooke testified that when he asked Smith if she was a police officer, Smith lifted her shirt, exposed her breast, and shook it at him. Detective Crooke also testified that he could see Smith's nipple. Smith's argument is nothing more than an invitation to reweigh the evidence and the credibility of the witnesses, which we will not do. *See Drane*, 867 N.E.2d at 146. The facts that Detective Crooke testified to establish sufficient evidence for Smith's convictions. Thus, we affirm Smith's convictions for prostitution and public nudity.

Affirmed.

NAJAM, J., and BAILEY, J., concur.

5